IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN DAVID PATINO MADRID,<br><br>    Plaintiff,<br><br> vs.<br><br>LOREN K. MILLER, Director, Nebraska Service Center, in his official capacity,; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,; KIKA SCOTT, Acting Director, USCIS, in her official capacity,; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendants. | 4:25CV3114<br><br><br>MEMORANDUM AND ORDER |

A hearing was held regarding Plaintiff Juan David Patino Madrid's ("Plaintiff") Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction (Filing No. 7) on May 28, 2025. Brian Green appeared on behalf of Plaintiff via Zoom video conferencing and Christopher Ferretti appeared on behalf of Defendants.

Plaintiff requests that the Court enjoin Defendants and their agents from removing him from the United States, and further requests that he be released from custody under any terms and conditions the court may deem fit and proper so he can take care of his children until the Court has had an opportunity to review the merits of this suit. Having heard the matter, the motion will be denied.

### BACKGROUND

Plaintiff is a citizen of Columbia who first entered the United States on or about May 25, 1999, with a visitor's visa. (Filing No. 15-1.) He had authorization to remain in the United States until November 24, 1999. (Filing No. 15-1.) Plaintiff did not depart the United States by November 24, 1999, and has remained in the United States since entering on May 25, 1999. (Filing No. 7-1.) Plaintiff was granted deferred action by the United States Citizenship and Immigration Services ("USCIS") on August 29, 2014. (Filing No. 15-1.)

On or about March 5, 2019, Plaintiff was indicted in the United States District Court for the Western District of Missouri for Alien in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(5)(A) and 924(a)(2). (Filing No. 15-1.) A superseding indictment was filed on or about

September 10, 2019, charging Plaintiff in Count One with Alien in Possession of a Firearm and Unlawful User of a Controlled Substance in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(3), 922(g)(5)(A) and 924(a)(2); and in Counts Two and Three with Possession of Marijuana in violation of 21 U.S.C. § 844. (Filing No. 15-1.) Plaintiff's deferred action was terminated by USCIS on September 13, 2019. (Filing No. 15-1.)

On January 21, 2020, Plaintiff was issued a Notice to Appear ("NTA"), placing him in removal proceedings before an Immigration Judge. (Filing No. 15-1.) At that time, Plaintiff was in Immigration and Customs Enforcement ("ICE") custody. (Filing No. 15-1.) The NTA alleged Plaintiff was removable from the United States pursuant to section 237(a)(1)(B)) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted. (Filing No. 15-1.) On or about February 18, 2020, Plaintiff appeared before the Kansas City Immigration Court with his attorney. (Filing No. 15-1.) On that date, Plaintiff posted an immigration bond and was released from ICE custody. (Filing No. 15-1.)

On or about February 28, 2022, Plaintiff was convicted in the U.S. District Court for the Western District of Missouri of two counts of Possession of Marijuana in violation of 21 U.S.C. § 844 and sentenced to five years' probation. (Filing No. 15-1.) Count I of the superseding indictment was dismissed. (Filing No. 15-1.) On or about December 7, 2022, DHS filed an I-261, Additional Charges of Inadmissibility/Deportability, alleging Plaintiff was removable pursuant to § 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).[1] (Filing No. 15-1.) Plaintiff appeared before the Immigration Court in Kansas City, Missouri with his attorney on or about December 15, 2022. (Filing No. 15-1.) The Immigration Judge continued the case to give Plaintiff an opportunity to submit written pleadings and any request for relief. (Filing No. 15-1.) Plaintiff filed a motion to continue on or about March 29, 2023. (Filing No. 15-1.)

On or about March 30, 2023, the Immigration Judge denied Plaintiff's request for a continuance and sustained the charges of removability under the INA. (Filing No. 15-1.) Plaintiff was granted pre-conclusion voluntary departure and waived appeal. (Filing No. 15-1.) Plaintiff was given until July 28, 2023 to voluntarily depart the United States. (Filing No. 15-1.) Per the Immigration Judge's order, if

---

[1] Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), an alien is deportable if at any time after admission they have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana. 8 U.S.C. § 1227(a)(2)(B)(i).

2

Plaintiff failed to do so, the voluntary departure order would automatically convert to a removal order. (Filing No. 15-1.)  Plaintiff did not voluntarily depart the United States, so the voluntary departure order converted to a removal order in accordance with the provisions of the Immigration Judge's order.[2] (Filing No. 14; Filing No. 15-1.)

On July 10, 2023, Plaintiff filed a Form I-918 Petition for U Nonimmigrant Status to obtain a "U-visa."  (Filing No. 1.) On that date, he also filed a Form I-912 Application for Advance Permission to Enter as a Nonimmigrant.  (Filing No. 1.)  On or about July 27, 2023, Plaintiff filed a Motion to Reopen and Administratively Close his immigration case, which was denied by the Kansas City Immigration Court on August 24, 2023. (Filing No. 15-1.) Plaintiff has not filed an appeal with the Board of Immigration Appeals or a Petition for Review with the Court of Appeals. (Filing No. 15-1.) On or about May 2, 2025, Plaintiff was arrested on the outstanding removal order. (Filing No. 15-1.) He is currently detained at the Chase County jail in Cottonwood Falls, Kansas.  (Filing No. 15-1.)

On May 15, 2025, Plaintiff filed this suit under the Administrative Procedure Act ("APA") or, in the alternative, for a Writ of Mandamus.  (Filing No. 1.)  In his Complaint, Plaintiff requests that Defendants be ordered to determine the bona fide nature of his U-visa petition, issue him a Bona Fide Determination Notice, place him on the deferred action list, and place him on the U-visa wait list. (Filing No. 1.) Plaintiff further requests that the Court order Defendants to adjudicate his pending Form I-765 Applications for Employment Authorization, grant his employment authorization, and issue to and deliver him his employment authorization document card. (Filing No. 1.)  Plaintiff filed the instant Motion for a Temporary Restraining Order and/or Preliminary Injunction on May 22, 2025.  (Filing No. 7.)

**STANDARD OF REVIEW**

The standard for analyzing a motion for a temporary restraining order ("TRO") is the same as the standard for analyzing a motion for a preliminary injunction. *Tumey v. MyCroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022).  For each, the court considers (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction would inflict on other interested parties; (3) the probability that the movant will succeed on the merits; and (4) the public

---

[2] The order provided, in part: "[I]f the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective:  the Respondent shall be removed to Colombia on the charge(s) set forth in the Notice to Appear.  (Filing No. 15-1.)

3

interest ("*Dataphase* factors"). *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.dd 109, 114 (8th Cir. 1981)). No single factor is dispositive. *Tumey*, 27 F.4th at 665.

The primary function of a TRO is to preserve the *status quo* until the district court has an opportunity to grant full effective relief. *Id.* The burden of establishing the propriety of a TRO is on the movant. *Id.* However, when a district court determines that it lacks jurisdiction over a petitioner's TRO motion, "it need not discuss the factors typically considered when addressing such motions." *Ruiz v. Johnson*, Case No. 14CV1721, 2014 WL 2511094, at *3 (D. Minn. Feb. 1, 2008).

## DISCUSSION

The Court finds it lacks jurisdiction to grant the relief Plaintiff seeks. Two provisions of 8 U.S.C. § 1252 dictate this result. *See* 8 U.S.C. § 1252.

First, § 1252(a)(5) provides that the "sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals." *Id.* In other words, "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal." *Tostado v. Carlson,* 481 F.3d 1012, 1014 (8th Cir. 2007). A petition for review must be filed in the court of appeals for the judicial circuit in which the order of removal was entered within 30 days after the date of the final order of removal. *Id.*; 8 U.S.C. § 1252. "The language of the statute is clear. The *exclusive* means to challenge an order of removal is the petition for review process." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (emphasis added).

Plaintiff did not seek this relief by filing an appeal with the Eighth Circuit Court of Appeals, nor did he seek a stay of removal from the Department of Homeland Security pursuant to 8 C.F.R. 241.6(a) and 8 C.F.R. 1241.6(a).[3] (Filing No. 15-1 at 4-5). Instead, Plaintiff now requests that this Court enter a TRO to prevent him from being removed from the United States while this lawsuit is pending. He seeks an order "enjoining Defendants and their agents from removing Plaintiff from the United States until the Court has had an opportunity to review the merits of the case, up to and including

---

[3] "An alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS." 8 C.F.R. 214.14(c)(1)(iii). "The filing of a petition for U-1 nonimmigrant status *has no effect on ICE's authority to execute a final order,* although the alien may file a request for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a)." *Id.* (emphasis added). As those provisions make clear, any request for a stay must be made to the "Department of Homeland Security," not this Court. Section 1241.6(a).

all briefing is compete and the Court has issued a final order in the matter." (Filing No. 7 at 1). That is a challenge to the "procedure" of the removal order, so the relief Plaintiff seeks is "prohibited by section 1252(a)(5)." Herbert L. R. v. Tritten, 421 F. Supp. 3d 688, 692 (D. Minn. 2019).

The fact that Plaintiff is not *directly* challenging the merits of the removal order does not change the outcome. Plaintiff's requested relief—a stay of the removal order—is "nothing more than [an] indirect attack[ ] on [the] order of removal[.]" Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012); see Estrada v. Holder, 604 F.3d 402, 408 (7th Cir. 2010). Section 1252(a)(5)'s "jurisdictional bar applies equally to preclude such an indirect challenge." Delgado, 643 F.3d at 55; see also Lang v. Napolitano, 596 F.3d 426, 429 (8th Cir. 2010) (holding that there was an "obvious lack of district court jurisdiction" over claim for "injunctive and mandamus relief that would prohibit the agency from 'executing' [a] removal order").

The Court is also deprived of jurisdiction by another provision of § 1252. Section 1252(g) provides in relevant part that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from* the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* (emphasis added). A claim that is "connected directly and immediately" to a decision to execute a removal order arises from that decision. See Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017). And "[s]o long as the claim arises from a decision to execute a removal order, there is no jurisdiction." *Id.*

Such is the case here. Plaintiff asks the Court to "pause," his removal while his APA and mandamus claims play out. That request is "connected directly and immediately" to the decision to execute a removal order. *Id.* Numerous courts have held that § 1252(g) bars a district court from entering stays of removal while a U visa application is pending, the exact remedy Plaintiff seeks. *See, e.g.,* Lara-Saavedra v. Sessions, 2019 WL 572656, at *2 (D. Minn. Feb. 12, 2019); Rodriguez-Sosa v. Whitaker, 2018 WL 6727068, at *2 (D. Minn. Dec. 21, 2018) ("These claims directly arise from the underlying removal order, and therefore this Court lack jurisdiction to address the merits of Petitioner's request for a TRO under § 1252(g)."); Velarde-Flores v. Whitaker, 750 F. App'x 606, 607 (9th Cir. 2019) ("Because this petition arises from the government's decision to execute valid orders of removal, it facially falls within the statutory jurisdictional bar.").

It is possible, as Plaintiff suggests, that "if obtained, the U-Visa would cancel removal proceedings," but that "does not mean that [Plaintiff] can delay or interfere with ICE's attempt to

5

remove him on the basis that he has a U-Visa application pending." *Mingrone v. Adducci*, 2017 WL 4909591, at *6 (E.D. Mich. July 5, 2017). Doing so "contest[s]" removal. *Id.* (quoting *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006)).

In sum, both § 1252(a)(5) and § 1252(g) divest the Court of jurisdiction[4] over challenges to removal orders like the one Plaintiff makes here.

Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction (Filing No. 7) is denied. Neither a temporary restraining order nor a preliminary injunction will be issued in this case as the Court lacks jurisdiction to award the relief sought. Therefore, the portion of the Court's previous order, Filing No. 10, requiring that Plaintiff not be removed from the United States is hereby lifted.

Dated this 29th day of May, 2025.

BY THE COURT:

*[signature: Susan M. Bazis]*

Susan M. Bazis
United States District Judge

---

[4] Because the Court finds it does not have jurisdiction to grant the relief Plaintiff seeks in his TRO, the Court will not consider the *Dataphase* factors in this Memorandum and Order. However, the Court notes that even if it did so at this point, it has serious doubt as to whether Plaintiff could satisfy his burden to show that he has a likelihood of success on the merits of this case. Several judges in this district have concluded that courts lack jurisdiction over claims seeking to compel adjudication of U visa petitions, like Plaintiff's. *See Joshi v. Garland,* 728 F. Supp. 3d 1028 (D. Neb. 2024); *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, Case No. 8:25CV74, 2025 WL 1267767 (D. Neb. May 1, 2025); *Sonani v. Dir., U.S. Citizenship & Immigr. Servs*, Case No. 8:25CV68, 2025 WL 1489563 (D. Neb. May 23, 2025); *Barot v. Dir., U.S. Citizenship & Immigr. Servs*., Case No. 8:25CV101, 2025 WL 1208968 (D. Neb. Apr. 25, 2025).